UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____                    Case #

DESHAWN JACKSON
on behalf of himself and
all other similarly situated consumers

                                                **Plaintiff,**

      -against-

FINANCIAL RECOVERY SERVICES, INC.

                                                **Defendant.**
_____

# CLASS ACTION COMPLAINT
# JURY TRIAL DEMANDED

1. Plaintiff Deshawn Jackson seeks redress for the illegal practices of FINANCIAL RECOVERY SERVICES, INC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

# Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the Plaintiff is a natural person obligated or allegedly obligated

to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in Minneapolis Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection

of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

10. In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993)

## Jurisdiction and Venue

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

13. Plaintiff brings this class action on behalf of a class of New York consumers

seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, *et seq*. ("FDCPA").

14. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

15. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff

16. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

17. On or about August 1, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

18. Said letter attached as Exhibit A stated in pertinent part as follows:

> While your account is with our office, if you pay $573.02, the above-referenced account will be considered paid in full.

19. 15 U.S.C. § 1692e of the FDCPA states:

> (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—
> (A) lose any claim or defense to payment of the debt; or
> (B) become subject to any practice prohibited by this subchapter.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. The Defendant committed a violation of Section 15 U.S. Code § 1692e by offering a false deadline and a false period of time to pay the full amount due, with the underlying threat that if the debt is assigned to a new collection agency, that the debtor will lose his right to settle the matter by paying in full. In fact the offer to pay in full would be available to the debtor in the future, regardless of which collection agency was assigned the account.

21. Upon information and belief, said letter to Plaintiff was the initial communication received from the Defendant.

22. Said letter states "Total Balance Due: $573.02.

23. 15 U.S.C. § 1692g provides *inter alia* that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

24. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

25. A debt collector has the obligation not just to convey the amount of the debt, but to convey to debtors such balance clearly, and to disclose whether the balance may increase due to interest and fees. <u>Avila v. Riexinger Associates, LLC</u>, 817 F.3d 72, 76 (2d Cir. 2016).

26. The letter fails to disclose whether the "Amount of the Debt may increase due to additional interest in the event payment is not made, the letter does not even mentioned by when payment had to be received in order for the Plaintiff to fully satisfy her debt.

27. The letter fails to include any "safe harbor" language concerning the

accrual of interest. <u>Avila v. Riexinger & Associates</u>, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

28. The letter, because of the aforementioned failure, would render the least sophisticated consumer unable to determine the amount of his or her "Amount of the Debt" because the consumer would not know whether interest would continue to accrue or whether the amount of the debt will remain static if Plaintiff fails to make a payment, or by when the payment had to be made in order to satisfy the debt in full.

29. If interest will continue to accrue the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

30. The least sophisticated consumer would be left uncertain by the said letter as to whether said account was accruing interest or not.

31. On or about September 5, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

32. Said letter attached as <u>Exhibit B</u> stated in pertinent part a settlement offer of a lump sum payment of $429.76, two payments of $229.21, or three payments of $162.36.

33. The Defendant committed a violation of Section 15 U.S. Code § 1692e by offering a misleading and confusing statement as to the terms of the settlement offer as to whether the debtor could make one payment on a two payment plan and then switch to a three payment plan, or whether partial payment would reduce the debt in a pro-rata manner, or whether the transfer of the matter to a new debt collection agency during the plan would require additional payments.

34. Defendant's letter is in violation of 15 U.S.C. § 1692e, 1692e(10) and 1692e(11).

## **Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

35. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty three (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiff and the members of a class.

37. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about

one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
October 20, 2017

/s/ Jacob Silver
_____

**Jacob Silver**
Attorney At Law
237 Club Dr.
Woodmere, NY 11598
(718) 855-3834
(718) 797-4141 – Fax
silverbankruptcy@gmail.com